# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VITALY ZAKOUTO,

    Petitioner,

vs.

LENARD VARE, et al.,

    Respondents.

Case No. 2:06-CV-00133-JCM-(LRL)

**ORDER**

Petitioner has submitted an Application for Certificate of Appealability (COA) (#32). To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Petitioner presents six issues for appeal.

**I.     Whether reasonable jurists would find it debatable that the Nevada Supreme Court upheld the decision of the trial court to admit videotaped testimony of the murder victim.**

The murder victim had testified in a family court proceeding, and Petitioner had cross-examined her. That testimony satisfies the requirements of the Confrontation Clause of the

Sixth Amendment. Crawford v. Washington, 541 U.S. 36, 68 (2004). Reasonable jurists would not find this conclusion to be debatable.

**II.     Whether reasonable jurists would find it debatable that the Nevada Supreme Court's decision to uphold the trial court's decision not to sever the separate sets of counts in this matter is contrary to and/or an unreasonable application of clearly established federal law.**

The Supreme Court of the United States mentioned federal constitutional law regarding the severance of counts in a footnote of a case that otherwise applied the Federal Rules of Criminal Procedure in a federal criminal case. See United States v. Lane, 474 U.S. 438, 446 n.8 (1986). The Court assumed for the purposes of its Order (#30) that the Lane footnote clearly established federal law regarding severance of counts; it then held that the Nevada Supreme Court had leeway in interpreting such a broad statement, and that its interpretation was reasonable. Reasonable jurists would not find this conclusion to be debatable.

Instead of challenging the Court's determination on constitutional law, Petitioner again argues that the Nevada Supreme Court's determination violates Nevada Law and the Federal Rules of Criminal Procedure, both of which are inapplicable in a habeas corpus petition that challenges a judgment of conviction of a state court. See 28 U.S.C. § 2254(a). Petitioner's argument does not give him a basis for a certificate of appealability on this issue.

**III.    Whether reasonable jurists would find it debatable that the Nevada Supreme Court's decision to uphold the trial court's decision to allow the testimony of an expert in lay witness clothing without the requisite judicial and procedural safeguards that govern expert testimony was contrary to clearly established law.**

Jason Jaeger, one son of the victim, was a chiropractor and testified that he recognized the intruder on a security videotape as Petitioner based upon the intruder's distinctive gait and posture. The parties litigated this issue as a matter of state law in the Nevada Supreme Court. This Court found that even though Jason Jaeger used technical terms related to his profession, the identification was not unfair because Damon Jaeger, another son of the victim, who

was not a chiropractor identified the intruder as Petitioner for the exact same reason. Reasonable jurists would not find this conclusion to be debatable.

**IV.     Whether reasonable jurists would find it debatable that the Nevada Supreme Court decision to uphold the trial court's decision not to suppress pre-arrest and post-arrest statements was contrary to, or an unreasonable application of, clearly established law.**

Claim Four of the Petition (#2) referred to two statements. First was Petitioner's statement to a detective that he had seen his ex-wife, the victim, in a Wal-Mart, in response to the detective's statement that Petitioner's car would be impounded. The question was whether Petitioner was in custody at the time that he gave that statement, such that the detective needed to give the Miranda warnings. The Nevada Supreme Court noted that Petitioner was detained by traffic officers, that the detective told Petitioner that he was free to go but that his car would be impounded, and that then Petitioner stated that he had seen his ex-wife in a Wal-Mart. The Nevada Supreme Court evaluated the circumstances, as required by Yarborough v. Alvarado, 541 U.S. 652, 662 (2004), and concluded that Petitioner was not in custody when he gave that statement. This Court noted that Alvarado set forth a general test that gave the Nevada Supreme Court leeway in its decision, and that its application of Alvarado was not unreasonable. Reasonable jurists would not disagree with this conclusion.

In the second statement, Petitioner told the detective that only he drove his car. Petitioner gave this statement after his arrest. Petitioner claimed that this statement violated the Fifth and Sixth Amendments, and the Court rejected those claims. Petitioner does nothing other than mention this statement at page 6 of Application (#32), and he does not show how reasonable jurists would find the Court's conclusions to be debatable or wrong. Order, pp. 6-9 (#30).

**V.     Whether reasonable jurists would find debatable that the Nevada Supreme Court determined that there was sufficient evidence as to Counts I, II, and III, to support the conviction.**

The Court noted that this claim was moot with respect to Count III, home invasion while in possession of a deadly weapon, because the Nevada Supreme Court dismissed that count on appeal. Order, p. 10 (#30). Reasonable jurists would not disagree with this conclusion.

1         Petitioner continues to argue that the only evidence that the prosecution had was a grainy surveillance videotape and an improper identification of Petitioner from that videotape by Jason Jaeger.  The Court rejected that argument because Damon Jaeger also identified Petitioner from that videotape, without challenge, and because other evidence supported the findings of guilt.  The Nevada Supreme Court reasonably applied <u>Jackson v. Virginia</u>, 443 U.S. 307, 309 (1979), when it considered the evidence.  This Court noted that where there were conflicts in the evidence, it was the jury's duty to resolve the conflict, and the jury decided against Petitioner.  Reasonable jurists would not find this conclusion to be debatable.

**VI.     Whether reasonable jurists would find it debatable that the Nevada Supreme Court found that the cumulative prejudice of errors raised in direct appeal did not prejudice Petitioner.**

        The Court rejected the cumulative-error claim because the Nevada Supreme Court corrected the redundant conviction for home invasion, which was the only error in the case.  Reasonable jurists would not disagree with this determination.

        IT IS THEREFORE ORDERED that Petitioner's Application for Certificate of Appealability (COA) (#32) is **DENIED**.

        DATED:   March 18, 2008.

_____
JAMES C. MAHAN
United States District Judge